IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRANDIE STAUDER, as the Administratrix
of the Estate of Dinah K. Shook                                        PLAINTIFF

v.                               CASE NO. 6:18-cv-06054

UNITED STATES OF AMERICA                                               DEFENDANT

### MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss. ECF No. 6. Plaintiff has filed a response. ECF No. 8. Defendant has filed a reply. ECF No. 12. Plaintiff has filed supplemental briefing with supporting exhibits. ECF No. 18. The Court finds this matter ripe for consideration.

### BACKGROUND

Plaintiff filed her Complaint on June 8, 2018, alleging a cause of action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ECF No. 1, ¶ 1. Plaintiff alleges that on June 21, 2016, Dinah K. Shook ("Shook")[1], a passenger in a vehicle driven by Plaintiff, was involved in an automobile crash with another vehicle owned by Defendant.[2] ECF No. 1, ¶¶ 11, 12. Plaintiff claims that the other vehicle was being negligently operated by a Law Enforcement Park Ranger ("Park Ranger") employed by the National Park Service.[3] ECF No. 1, ¶¶ 7, 14. Plaintiff asserts that she suffered various injuries and damages that were proximately caused by the Park Ranger's

---

[1] Plaintiff does not allege that Shook's death was caused by the events at issue.
[2] Plaintiff asserts that the vehicle was owned by Defendant through the United States Department of the Interior ("Department of the Interior")—a federal agency—who in turn owned the vehicle through the National Park Service. ECF No. 1, ¶ 12. Plaintiff asserts that the National Park Service is operated by the Department of the Interior. ECF No. 1, ¶ 5.
[3] Plaintiff appears to assert that as an employee of the National Park Service, the Park Ranger was, in turn, an employee of the Department of the Interior. ECF No. 1, ¶¶ 9, 14, 15.

negligence. Plaintiff states that the Park Ranger's negligence is imputed to Defendant. ECF No. 1, ¶ 15.

Plaintiff claims that, after the collision, Shook sought to recover for her alleged damages by submitting a claim for damages and injuries under the Federal Tort Claims Act ("FTCA") to the appropriate federal agency. ECF No. 1, ¶ 25; ECF No. 1-1. However, that claim was denied by letter dated December 5, 2017.[4] *See* ECF No. 1-2. Plaintiff subsequently filed the present lawsuit.

In the instant motion, Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c). Specifically, Defendant asserts that the Court lacks subject matter jurisdiction because Plaintiff "failed to file her lawsuit within six months after the date of mailing by certified mail the notice of final denial of the claim by the agency pursuant to 28 U.S.C. § 2401(b)." ECF No. 6, ¶ 1. Accordingly, Defendant contends that the present action is barred by the applicable statute of limitations, which Defendant asserts expired on June 5, 2018.

In contrast, Plaintiff asserts that she did file her Complaint within the applicable limitations period, noting that she "sent her Complaint for filing on June 1, 2018[.]" ECF No. 8, ¶¶ 1, 2. Nonetheless, Plaintiff acknowledges that the Complaint was filed on June 8, 2018, but states that she "has no knowledge or information as to why the Complaint would not have been filed prior to June 8, 2018 as the Complaint and filing fee was transmitted[5] on June 1, 2018." ECF No. 8, ¶ 3 (footnote added). Plaintiff asserts that "[n]ormally, mail would not take over two (2), and at the

---

[4] Defendant has attached a declaration of Rebecca Pock as an exhibit to the instant motion. ECF No. 6-1. Ms. Pock is employed as a paralegal specialist with the Department of the Interior, Office of the Solicitor, Division of General Law, Torts Practice Branch. ECF No. 6-1, ¶ 1. Ms. Pock states that she was assigned to assist with the processing of Shook's claim and that on December 5, 2017, she sent the denial letter via certified mail to Plaintiff's present counsel. ECF No. 6-1, ¶¶ 3,4.

[5] Although Plaintiff states that the Complaint and filing fee were "transmitted," the record clarifies that they were sent by United States Postal Service ("USPS"), First Class mail. *See* ECF No. 8-4, ¶ 2; ECF No. 8-4, p. 2. Plaintiff has included as an exhibit to her response a receipt from stamps.com reflecting that postage was purchased on June 1, 2018, at 4:28 pm. ECF No. 8-4, p. 2.

maximum three (3), days" and that "any delay of filing the Complaint is not the fault of the Plaintiff, but is a problem with the mail or with the party receiving the mail and not filing it within the appropriate time." ECF No. 9, p. 2. Furthermore, although Plaintiff did not state as much in her response, she subsequently informed the Court that she contends that the principle of equitable tolling should excuse the late filing.[6]

In its reply, Defendant concedes that the principle of equitable tolling may be applied in FTCA cases.[7] However, Defendant asserts that "Plaintiff has failed to demonstrate any extraordinary circumstance to support a finding that equitable tolling is applicable" under the present facts. ECF No. 13, p. 5. Defendant further argues that the Court should "convert [Defendant's] motion to dismiss into a motion for summary judgment." ECF No. 13, p. 1.

## LEGAL STANDARD

As noted above, Defendant initially moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c). However, in its reply, Defendant asserts that the present motion should be considered under the summary judgment standard and, further, appears to implicitly abandon its 12(b)(1) argument. Rule 12(d) requires a reviewing court to consider a Rule 12(c)

---

[6] By letter to the Court, Plaintiff states that in her haste to file her response and supporting brief, she inadvertently failed to cite a case concerning equitable tolling. The Court notes that Plaintiff's response and supporting brief do not explicitly mention equitable tolling.

[7] As stated above, Defendant presented the instant motion as an attack on subject matter jurisdiction based on the FTCA's statute of limitations. Defendant initially took the position that whether the Complaint was filed within the limitations period is a jurisdictional issue, and that the Court lacked subject matter jurisdiction over this matter if Plaintiff filed her Complaint after the applicable deadline. *See* ECF No. 7, p. 4 ("The requirements and limitation periods set forth in Sections 2401(b) and 2675(a) of the FTCA are jurisdictional prerequisites, which must be satisfied before a claimant may proceed against the United States in United States District Court. . . . Compliance with the FTCA's limitations period is prerequisite to the district court's jurisdiction over a FTCA suit against the United States."). However, Defendant has subsequently altered its position. Although still asserting that the present action is time-barred, Defendant concedes that this is not a jurisdictional issue. *See* ECF No. 12, ¶ 7 ("The Eighth Circuit has held 28 U.S.C. § 2401(b)'s limitations period is not jurisdictional and may be equitably tolled."). Accordingly, it would appear that Defendant has abandoned its jurisdictional argument—and therefore its contention that dismissal is required under Rule 12(b)(1)—while still arguing that, nonetheless, this matter should be dismissed as time-barred.

3

motion "as one for summary judgment under Rule 56" where "matters outside the pleadings are presented to and not excluded by the court." Rule 12(d) further states that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

In the present case, Defendant filed an exhibit in support of its motion and, further, Plaintiff has attached various exhibits to her response to establish that she mailed her Complaint and filing fee on June 1, 2018. *See* ECF Nos. 6-1, 8-2, 8-3, 8-4. These materials have been considered by the Court. Furthermore, on November 27, 2018, the Court informed the parties by order of its intention to consider the instant motion as one for summary judgment and gave the parties until December 4, 2018, to provide any additional materials they believed were pertinent to the motion. *See* ECF No. 17. Plaintiff filed an additional brief with attendant supporting exhibits. Defendant filed no additional materials. Accordingly, pursuant to Rule 12(d), the Court will treat the instant motion as one for summary judgment under Rule 56.

The Court now turns to the Rule 56 standard. When a party moves for summary judgment "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the

outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Nat'l. Bank of Comm. of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 610 (8th Cir. 1999). The non-moving party "must come forward with sufficient evidence to support their claims and cannot stand on their complaint and unfounded speculation." *Id*. (internal citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**DISCUSSION**

As stated above, Defendant asserts that this matter should be dismissed as time-barred. Plaintiff, however, contends that the present action was brought within the applicable limitations

period and that, if it was not, the Court should apply the principle of equitable tolling and excuse the untimely filing.

The FTCA provides, in relevant part, that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The time limits outlined in section 2401(b) are not jurisdictional requirements and are subject to equitable tolling. *United States v. Kwai Fun Wong*, __ U.S. __, 135 S. Ct. 1625, 1638 (2015). However, equitable tolling should only be used in exceptional circumstances and the party claiming the benefit of equitable tolling bears the burden of showing that it is warranted. *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002). To establish that she is entitled to equitable tolling, Plaintiff must show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." *Smithrud v. City of St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005)).

To begin, the Court notes that, notwithstanding Plaintiff's assertions otherwise, she did not file the present lawsuit within six months after the date her denial letter was mailed by the Department of the Interior. It is undisputed, that the letter denying Plaintiff's claim was mailed on December 5, 2017. *See* ECF No. 1-2; ECF No. 6-1, ¶ 4. Accordingly, pursuant to 28 U.S.C. § 2401(b), Plaintiff had until June 5, 2018, to file the present action. However, as the docket reflects, this matter was not filed until June 8, 2018. *See* ECF No. 1. Thus, absent application of equitable tolling, Plaintiff's claim is time-barred.

The Court now turns to the issue of whether equitable tolling is warranted. As an initial matter, it is undisputed that Plaintiff mailed her cover sheet, Complaint, summons, and filing fee

on Friday, June 1, 2018. Plaintiff has, likewise, attached various exhibits to her response to establish this fact. *See* ECF No. 8-2 (cover letter to the Clerk of Court dated June 1, 2018); ECF No. 8-3 (filing fee check dated June 1, 2018); ECF No. 8-4 (affidavit of legal assistant stating that she mailed the cover sheet, Complaint, and summons for filing through the USPS on June 1, 2018). Plaintiff also included with one of her initial exhibits a receipt for postage from stamps.com that reflects that postage was purchased at 4:28 pm on Friday June 1, 2018, and that the postage was for a parcel sent via First Class mail through the USPS. *See* ECF No. 8-4, p. 2. Accordingly, Plaintiff contends that, as she mailed her Complaint and relevant materials for filing on June 1, 2018, "any delay of filing the Complaint is not the fault of Plaintiff, but is a problem with the mail or with the party receiving the mail and not filing it within the appropriate time." ECF No. 9, p. 2.

In her additional briefing of this issue, Plaintiff further asserts that, in light of the fact that "[Interstate]-40, a central artery of interstate travel, spans almost the entire 160 mile distance from Fort Smith and USPS's Distribution Center in Little Rock," "[i]t was entirely reasonable to expect that [the parcel] would arrive in time" to be timely filed. ECF No. 18, p. 2. Plaintiff again notes that the parcel was sent via First Class mail, and in an additional affidavit of Plaintiff's counsel's legal assistant, asserts that the parcel was placed in a collection box with a last pickup time of 4:40 pm at 4:30 pm on, Friday June 1, 2018. ECF No. 18-1. The affidavit further asserts that First Class mail "is delivered within one-three days." ECF No. 18-1, ¶ 3. Nonetheless and notwithstanding this assertion, Plaintiff has also included as an exhibit a printout from the USPS website describing its First Class mail services in which the USPS states that First Class mail will be delivered in "1 to 3 *business* days." ECF No. 18-1, p. 5 (emphasis added). Plaintiff, likewise, asserts that there is an assumption that a mailed document is received three days after mailing.

7

Plaintiff likewise asserts that prosecution of the instant action was "indisputedly impaired" by uncontrollable circumstances—namely the death of Shook on March 29, 2018. ECF No. 18, p. 4. Plaintiff notes that in light of Shook's death, only the personal representative of Shook's estate would be able to pursue her FTCA claims and has included as an exhibit an order from the probate division of the Circuit Court of Garland County, Arkansas—dated May, 31, 2018—appointing her administratrix of Shook's estate. *See* ECF No. 18-3. Accordingly, Plaintiff asserts that "[f]or a considerable part of the 6-month statutory period, no one was capable of representing the claimant's interests." ECF No. 18, p. 4. That being said, Plaintiff has also included the petition filed in Shook's probate action seeking to have Plaintiff appointed administratrix of Shook's estate. *See* ECF No. 18-2. That document bears a clerk's stamp reflecting that it was filed on May 31, 2018. *Id*. Plaintiff makes no attempt to explain why she waited so long to file the petition to be appointed administratrix of Shook's estate.[8]

Upon consideration, the Court finds Plaintiff's arguments unpersuasive as the undisputed facts establish that Plaintiff cannot show that she has pursued her rights diligently or that some extraordinary circumstance prevented her from timely filing this action. The record clearly shows that Plaintiff waited until Friday, June 1, 2018, to send her Complaint and relevant documents to the Clerk of Court for filing. Although this was four days before the expiration of the limitations period, a weekend fell between that date and the date of mailing. Moreover, the parcel was sent from Plaintiff's counsel's office in Hot Springs, Arkansas, to the Clerk of Court's office in Fort Smith, Arkansas—a significant distance.[9] Finally, Plaintiff's counsel states that "[n]ormally, mail

---

[8] The Court notes that the state court documents reflect that Plaintiff is represented in the probate action by the same counsel presently representing her.
[9] The Clerk of Court for the Western District of Arkansas does not maintain a staffed divisional office in Hot Springs, Arkansas.

would not take over two (2), and at the maximum three (3), days." ECF No. 9, p. 2. However, Plaintiff's own exhibits establish that the chosen USPS service—First Class mail—contemplates delivery within one to three *business* days. Accordingly, under this time frame, the parcel would have been delivered sometime between Monday June 4, 2018, and Wednesday June 6, 2018. Thus, even with no delays and assuming the First Class mail service operated within the advertised time frame, there was still a very real chance that the Complaint would not be received for filing before the statutory deadline.[10] Accordingly, to the extent that Plaintiff means to argue that she assumed—pursuant to a recognized assumption—that the parcel would be received for filing within three days of the date of mailing, such an assumption would be unreasonable under the present circumstances given the chosen mail service. In sum, Plaintiff chose to send her Complaint for filing utilizing a USPS service that, as advertised, could result in an untimely filing. The fact that the Complaint was untimely filed was a clear and foreseeable, and therefore, preventable, possibility.[11]

The Court also notes that there is no indication that Plaintiff did not have notice of the relevant limitations period. Likewise, there is no indication that Plaintiff's counsel utilized tracking services to ensure that Plaintiff's materials were timely received by the Clerk of Court or otherwise made any inquiries within the limitations period to determine whether the parcel had been received. If Plaintiff's counsel had done so, he would have been able to hand deliver—or dispatch someone

---

[10] Even if the Court were to ignore the fact that the parcel was sent late in the afternoon on June 1, 2018, and, further, assume that counted as the first business day, the parcel would be estimated to be delivered at the latest on June 5, 2018. Accordingly, any slight delay would easily result in untimely filing.

[11] The Court recognizes that the Complaint was not filed until June 8, 2018, five business days after it was mailed. Accordingly, it appears there may have been some postal delay. Nevertheless, whether the Complaint was received and filed on June 6, June 7, June 8, or any day thereafter is immaterial as each would be past the statute of limitations deadline. Furthermore, even if the Court were to discount the possible postal delay, it was still entirely possible and foreseeable that the parcel would be delivered on June 6—one day after the expiration of the limitations period.

to hand deliver—the Complaint and supporting documents to the Clerk of Court for filing upon realizing the Complaint may be untimely received and filed. Furthermore, to the extent Plaintiff attempts to place the blame for late filing on the Clerk of Court's office, she offers no evidence showing or suggesting that the Clerk's office received her parcel before the expiration of the limitations period.[12] Although evidence showing that the Clerk of Court had actually received the Complaint before the statutory deadline but failed to file it until after the deadline would likely warrant the application of equitable tolling, Plaintiff offers nothing more than speculation. The record does not offer any other insight on this issue and the Court will not speculate.

As for Plaintiff's assertions that uncontrollable factors hindered the prosecution of the present claims, the Court finds Plaintiff's arguments unpersuasive. Although the death of Shook made it necessary to have a probate case opened and personal representative appointed to pursue Shook's interest, Plaintiff offers no explanation as to why it took until May 31, 2018, to petition the probate court to appoint her as administratrix. Indeed, the state court documents Plaintiff has included clearly show that she petitioned to be appointed and was appointed on the same day. Thus, after Shook's death, Plaintiff had some two months to seek appointment to pursue Shook's interest on behalf of her estate but chose to wait until very close to the statutory deadline to do so.

Accordingly, the Court finds that Plaintiff has failed to carry her burden to show any factor on which equitable tolling would be justified. By mailing the Complaint as she did, Plaintiff assumed the risk that, even with no disruption or delay of ordinary mail service, her Complaint could be untimely received and filed by the Clerk of Court. The untimely filing of the present case

---

[12] Plaintiff has included a receipt from the Clerk's office reflecting that her filing fee was processed on June 8, 2018. ECF No. 8-3.

was not caused by factors outside of Plaintiff's control. Therefore, Plaintiff's FTCA claim is time-barred pursuant to 28 U.S.C. § 2401(b).

## CONCLUSION

For the foregoing reasons, the Court finds that no genuine issues of material fact remain and that the instant motion should be and hereby is **GRANTED**. A Judgment of even date shall issue.

**IT IS SO ORDERED**, this 21st day of December, 2018.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge